[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10686
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-21784-UU


FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver for Republic Federal Bank, N.A.,

Plaintiff - Appellee,

versus

IIG CAPITAL LLC,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 7, 2013)

Before CARNES, Chief Judge, MARTIN, and KRAVITCH, Circuit Judges.

PER CURIAM:

IIG Capital appeals the district court's confirmation and enforcement of the

award resulting from arbitration between the FDIC and IIG on the ground that the

sole arbitrator, Grigera Naon, failed to disclose his prior and ongoing contacts with Jose Astigarraga, counsel for the FDIC. IIG argues that it is entitled to an evidentiary hearing to determine the extent of Naon and Astigarraga's contacts and whether the award should be vacated because of them.

International arbitration awards such as the one in this case "are subject only to minimal standards of domestic judicial review for basic fairness and consistency with national public policy." Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH, 141 F.3d 1434, 1440 (11th Cir. 1998). An "arbitral award must be confirmed unless appellants can successfully assert one of the seven defenses against enforcement of the award enumerated in Article V of the New York Convention." Id. at 1441. IIG asserts three of those defenses: (1) IIG was unable to present its case before an impartial arbitrator, (2) the composition of the arbitral authority was not what IIG agreed to because IIG was not aware of Naon's contacts with Astigarraga, and (3) recognizing the award of a biased arbitrator would be contrary to United States public policy. See Art. V §§ (1)(b), (1)(d), (2)(b).

The "mere appearance of bias or partiality is not enough to set aside an arbitration award," but it is enough to require the district court to grant an evidentiary hearing. University Commons-Urbana v. Universal Constructors, Inc., 304 F.3d 1331, 1340 (11th Cir. 2002). IIG contends that under University

2

Commons, it has presented sufficient evidence of contacts that call Naon's impartiality into question to require the district court to hold an evidentiary hearing to determine if any of the defenses it asserts apply.[1] IIG focuses its appeal on three contacts between Naon and Astigarraga: (1) Naon, who was the director of an international arbitration program at American University, hired Asitarraga as a faculty member for the summer program, held from June 1 to June 17, 2010, (2) Naon and Astigarraga were two of the three founding members of the International Chamber of Commerce's Latin American Arbitration Group in 2003 and may still be members, and (3) Naon and Astigarraga are founding members of the Latin American Arbitration Association, which was organized some time before November 10, 2010. We review the district court's factual findings for clear error and its legal conclusions de novo. Id. at 1337.

The summer international arbitration program took place after the arbitration hearings were over but before the award was rendered on September 2, 2010. The district court concluded that the fact that Naon and Astigarraga participated in that program during the arbitration period reveals "nothing beyond the kind of professional interactions that one would expect of successful lawyers active in the

---

[1] The FDIC argues that University Commons is inapplicable in this case because the agreement in that case was a domestic arbitration agreement. Because we hold that even under University Commons, the district court was not required to grant IIG an evidentiary hearing, we need not decide if University Commons applies in cases dealing with an international arbitration agreement.

3

specialized area." We agree. In <u>University Commons</u> we held that an evidentiary hearing was warranted when an arbitrator and counsel participated in the same mediation, litigation, or other arbitration because an arbitrator's "ruling in the arbitration could be seen as a way to curry favor in the other matter." <u>Id.</u> at 1340. It is difficult to see how Naon and Astigarraga's participation in the same summer program would lead Naon to curry favor with Astigarraga by ruling in his party's favor. And Naon, the arbitrator, was the director of the summer program. As the party with the power to hire Astigarraga, Naon had no need to gain Astigarraga's favor through the ruling.

Naon and Astigarraga's contact through a professional organization in 2003, years before the arbitration began, does not warrant an evidentiary hearing under <u>University Commons</u>. <u>See</u> <u>University Commons</u>, 304 F.3d at 1340 (holding that the arbitrator and counsel's participation in the same arbitrations, mediations, and litigations before the arbitration began did not warrant an evidentiary hearing because "familiarity due to confluent areas of expertise does not indicate bias"). And Naon and Astigarraga's formation of the Latin American Arbitration Association during the period of arbitration is not sufficiently similar to the contacts in <u>University Commons</u> to lead us to reverse the district court's decision. That professional contact does not give Naon a motive for using his decision to curry Astigarraga's favor.

4

**AFFIRMED.**